UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

FULTON BOILER WORKS, INC.,
                Plaintiff,

-vs-                                      5:06-CV-1117
                                          (GTS/DEP)

AM. MOTORISTS INS. CO.; AM MFR.
MUT. INS. CO; ONEBEACON INS. CO.;
EMPLOYERS INS. CO. OF WAUSAU;
TRAVELERS CAS. & SUR. CO.; and
NATIONWIDE MUT. INS. CO.,
                Defendants,
_____

AM. MOTORISTS INS. CO.; and AM. MFR.
MUT. INS. CO.,
                Third-Party Plaintiffs,

-vs-

EMPLOYERS INS. CO. OF WAUSAU;
TRAVELERS; and NATIONWIDE MUT.
INS. CO.,
                Third-Party Defendants.
_____

ONEBEACON INS. CO., as Successor to
Commercial Union Ins. Co.
                Third-Party Plaintiff,

-vs-

EMPLOYERS INS. CO. OF WAUSAU;
NATIONWIDE MUT. INS. CO.; and
THE TRAVELERS CAS. AND SUR. CO.,
f/k/a The Aetna Cas. and Sur. Co.,
                Third-Party Defendants.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| McCARTER & ENGLISH<br>   Counsel for Plaintiff<br>265 Franklin Street, 14th Floor<br>Boston, MA 02110 | ANNE E. MATTHEWS, ESQ. |
| McCARTER & ENGLISH<br>   Counsel for Plaintiff<br>100 Mulberry Street<br>4 Gateway Center<br>Newark, NJ 07102 | BRIAN J. OSIAS, ESQ.<br>GITA F. ROTHSCHILD, ESQ. |
| CHARLSTON, REVICH & WOLLITZ, LLP<br>   Counsel for Defendants American Motorists<br>   Insurance Company and American Manufacturers<br>   Mutual Insurance Company<br>1925 Century Park East, Suite 1250<br>Los Angeles, CA 90067 | JAMES B. GREEN ESQ. |
| FIBERTECH NETWORKS, LLC<br>   Counsel for Defendants American Motorists<br>   Insurance Company and American Manufacturers<br>   Mutual Insurance Company<br>140 Allen Creek Road<br>Rochester, NY 14618 | JAMES A. HOARE, ESQ. |
| OFFICE OF RICHARD P. PLOCHOCKI<br>   Counsel for Defendants American Motorists<br>   Insurance Company and American Manufacturers<br>   Mutual Insurance Company<br>One Lincoln Center, Suite 1010<br>Syracuse, NY 13202 | RICHARD P. PLOCHOCKI, ESQ. |
| GOLDBERG SEGALLA LLP<br>  Counsel for Defendant OneBeacon Ins. Co.<br>665 Main Street, Suite 400<br>Buffalo, NY 14203 | DANIEL W. GERBER, ESQ. |
| EPSTEIN & HARTFORD<br>   Counsel for Defendants Employers Insurance<br>   Company of Wausau and Nationwide Mutual<br>   Insurance Company<br>2150 Wehrle Drive, Suite 500B<br>Williamsville, NY 14221 | JENNIFER V. SCHIFFMACHER ESQ |
| EPSTEIN & HARTFORD | SHEILA M. FINN SCHWEDES, ESQ. |

Counsel for Defendant Employers Insurance
Company of Wausau and Nationwide Mutual
Insurance Company
110 Elwood Davis Road
North Syracuse, NY 13212

O'CONNOR, O'CONNOR,                                    DIANE C. BRESEE, ESQ.
BRESEE & FIRST, P.C.
  Counsel for Travelers Casualty & Surety Co.
20 Corporate Woods Boulevard
Albany, NY 12211

HON. GLENN T. SUDDABY, United States District Court Judge

## DECISION and ORDER

This insurance contract action was filed by Fulton Boiler Works, Inc., ("Plaintiff") against American Motorists Insurance Company, American Manufacturers Mutual Insurance Company (collectively "Kemper"), and OneBeacon Insurance Company ("OneBeacon"), as successor to Commercial Union Insurance Company. Subsequently, Kemper filed a Third Party Complaint against Employers Insurance Company of Wausau ("Wausau), Nationwide Mutual Insurance Company ("Nationwide"), and The St. Paul Travelers, a company that later identified The Travelers Companies, Inc., as a Corporate Parent.[1]

Currently before the Court are the following four motions: (1) Plaintiff's motion for partial summary judgment (Dkt. No. 105); (2) Defendant Travelers Casualty & Surety Company's Cross-Motion for Declaratory Judgment (Dkt. No. 111); (3) Defendant Wausau and Defendant Nationwide's motion for Declaratory Judgment (Dkt. No. 113); and (4) Defendant OneBeacon's cross-motion for summary judgment (Dkt. No. 115). For the reasons set forth below, Plaintiff's motion is granted in part and denied in part, and Defendants' cross-motions are

---

[1] The Court explains this action's procedural history, and the relationship between the parties, in greater detail in Part I of this Decision and Order.

denied.

I.      BACKGROUND

      A.      **Procedural History**

On April 25, 2006, Plaintiff filed a Complaint against Kemper and OneBeacon, as successor to Commercial Union Insurance Company. (Dkt. No. 1, Attach. 1.) On September 18, 2006, this action was removed to federal court by Defendant OneBeacon. (Dkt. No. 1.) On October 30, 2006, Defendant Kemper filed a cross-claim against Defendant OneBeacon. (Dkt. No. 7.) On November 9, 2006, Defendant Kemper filed a Third Party Complaint against Wausau, Nationwide, and The St. Paul Travelers. (Dkt. No. 8.) On May 24, 2007, The St. Paul Travelers identified The Travelers Companies, Inc., as a Corporate Parent (collectively "Travelers"). (Dkt. No. 32.) On July 23, 2007, Defendant OneBeacon filed a Third Party Complaint against Wausau, Nationwide, and The St. Paul Travelers. (Dkt. No. 33.) On October 31, 2007, Defendant Kemper filed an Amended Answer to the Complaint, a counterclaim against Plaintiff, and a cross-claim against OneBeacon. (Dkt. No. 37.)

On December 19, 2008, Plaintiff filed an Amended Complaint against OneBeacon, Wausau, Nationwide, The St. Paul Travelers, and Kemper (collectively "Defendants"). (Dkt. No. 93.) On January 9, 2009, Defendant OneBeacon filed a cross-claim against Wausau, Nationwide, Kemper, The St. Paul Travelers, and Travelers Casualty & Surety Company, and a counterclaim against Plaintiff. (Dkt. No. 95.) On February 3, 2009, Travelers Casualty & Surety Company filed a cross-claim against Kemper and OneBeacon (as successor to Commercial Union Insurance Company), and a counterclaim against Plaintiff. (Dkt. No. 101.)

### B.     Plaintiff's Claims

Generally, in its Amended Complaint, Plaintiff alleges that, "[b]eginning in or about the early 1990s, [Plaintiff] has been named as a defendant in thousands of lawsuits in New York and elsewhere, alleging bodily injury, wrongful death or other damages related to or arising out of boilers that Plaintiff manufactured (the "Asbestos Claims"). (Dkt. No. 93.) As a result, Plaintiff alleges that it has made insurance claims regarding these Asbestos Claims to Defendant OneBeacon and Defendant Kemper, and that these insurance claims were initially accepted (whereupon Defendants paid for Plaintiff's defense in the lawsuits, settling many of them instead of going to trial). (*Id.*) However, Plaintiff alleges that, in 2005, Defendant Kemper and Defendant OneBeacon demanded more money or they would revoke coverage. (*Id.*)

Based on these allegations, Plaintiff asserts the following three claims: (1) a claim for equitable estoppel/waiver; (2) a claim for a declaratory judgment confirming Defendants' collective obligation to defend and indemnify Plaintiff in connection with its asbestos liabilities; and (3) a claim for damages for breach of insurance contract. (*Id.*) As relief, Plaintiff "seeks a judgment confirming the insurers' collective obligation to defend and indemnify as well as damages for breach of contract." (*Id.*)

Familiarity with the remaining factual allegations supporting these claims in Plaintiff's Amended Complaint is assumed in this Decision and Order, which is intended primarily for review by the parties. (*Id.*)

### C.     Defendant OneBeacon's Claims Asserted in Its Third Party Complaint

Generally, in its Third Party Complaint, Defendant OneBeacon alleges that, although Plaintiff commenced the current action against only OneBeacon and Kemper, "an 'insurance

2

archaeologist' [has] identified potential policies in addition to OneBeacon and Kemper's, including [policies issued by] Wausau and Travelers." (Dkt. No. 33, at ¶¶ 8-15.) In addition, OneBeacon alleges that "the second third party defendants (i.e., Travelers, Nationwide and Wausau) ha[ve] been put on notice of the Asbestos Claims[, and] have neither disclaimed nor acknowledged fully their obligations under their policies for the Asbestos Claims." (*Id*. at ¶¶ 16, 17.) As a result, OneBeacon seeks a declaratory judgment declaring (1) that "the third party defendants are obligated to reimburse OneBeacon for each of their pro-rata shares of the costs of defense and indemnity incurred as a result of the Asbestos Claims, in an amount to be determined, but in excess of the jurisdictional minimum of this Court," and (2) "that the third party defendants are obligated to afford coverage for the defense and indemnity pertaining to the Asbestos Claims in all aspects for their pro-rata shares of the costs of the defense and indemnity, in an amount to be determined, but in excess of the jurisdictional minimum of this Court." (*Id*. at ¶¶ 26, 28.)

### D. The Counterclaims Asserted By Defendants OneBeacon, Kemper, and Travelers

Defendants OneBeacon, Kemper, and Travelers each filed separate counterclaims against Plaintiff. (Dkt Nos. 95, 98, 101.) However, generally, each counterclaim asserts the same claim and seeks the same relief. More specifically, each counterclaim asserts a claim for a declaratory judgment confirming that Plaintiff is obligated to pay its pro-rata share of the costs of defense and indemnity incurred as a result of the Asbestos Claims. (Dkt Nos. 95, 98, 101.) In addition, Defendant OneBeacon's counterclaim asserts the following two claims: (1) a claim for declaratory judgment confirming that Plaintiff is obligated to participate and contribute to the ongoing costs of defense and indemnity incurred as a result of the Asbestos Claims; and (2) a

claim for declaratory judgment confirming that OneBeacon does not owe additional monies toward any short-fall in payments for defense of Asbestos Claims. (Dkt. No. 95.)

### E.  Undisputed Material Facts

Generally, the undisputed material facts of this case are as follows.[2]

Asbestos cases typically share certain characteristics. For example, an underlying asbestos plaintiff generally sues dozens of parties that, he or she alleges, manufactured asbestos containing products to which he or she was exposed. The underlying complaints, however, usually contain only general allegations. They do not allege specific exposure dates to specific products.

Beginning in or about the early 1990s, Plaintiff began to receive bodily injury and wrongful death claims related to, or arising out of, boilers that it manufactured. The claims specifically allege exposure to asbestos from Plaintiff's boilers. In or around 1991, Plaintiff notified Defendants Kemper and OneBeacon that it began to receive these Asbestos Claims, and those insurers jointly undertook to defend the Asbestos Claims. From 1992 to December 2005, Kemper and OneBeacon shared the costs of Plaintiff's defense of the Asbestos Claims and did not, during that time frame, ask Plaintiff to contribute to defense costs.

In October 2001, Plaintiff requested that Travelers conduct a policy search with respect to coverage for the Asbestos Claims. On or about January 2004, Travelers agreed to participate in the defense of the asbestos claims, but based on only a single year of coverage.

---

[2]  (*Compare* Dkt. No. 105, Attach. 1 [Plf.'s Rule 7.1 Statement] *with* Dkt. No. 111, Attach. 2 [Def. Travelers's Rule 7.1 Response], *and* Dkt. No. 115, Attach. 6 [Def. OneBeacon's Rule 7.1 Response], *and* Dkt. No. 116 [Third Party Defs.'Wausau and Nationwide's Rule 7.1 Response], *and* Dkt. No. 124, Attach. 2 [Def. Travelers's Rule 7.1 Response], *and* Dkt. No. 127, Attach. 1, and Dkt. No. 131, Attach. 1. [Plf.'s Rule 7.1 Replies].)

In December 2008, Plaintiff filed an Amended Complaint that alleged, among other things, a breach of contract by Travelers, and that sought a declaration of coverage. On April 30, 2009, Travelers conceded that it owes four years of coverage.

To date, of all of the lawsuits against Plaintiff in connection with alleged asbestos exposure, fourteen have settled and none have gone to trial. There has never been a finding against Plaintiff by any judge or jury in any court in any jurisdiction in connection with allegations of exposure to asbestos from one of Plaintiff's boilers.

Currently, Plaintiff is aware of four insurers that sold and/or issued primary comprehensive general liability ("CGL") insurance covering the underlying Asbestos Claims at issue: Kemper, OneBeacon (as successor to Commercial Union Insurance Company), Wausau, and Travelers (as successor to Aetna Casualty and Surety Company). The insurance coverage policies contain defense obligations in addition to limits. Therefore, defense payments do not contribute to the exhaustion of limits of the policies. In addition, none of the policies contain asbestos exclusions, and the policies provide coverage for asbestos losses.

Familiarity with the remaining undisputed material facts of this action, as well as the disputed material facts, as set forth in the parties' Rule 7.1 Statement and Rule 7.1 Responses, is assumed in this Decision and Order, which (again) is intended primarily for review by the parties. (*Id*.)

### F.     Plaintiff's Motion and Defendants' Cross-Motions

On April 30, 2009, Plaintiff filed a motion for partial summary judgment. (Dkt. No. 105.) In its motion, Plaintiff seeks (1) a declaratory judgment that the Defendants have an obligation to pay "100% of its defense costs in connection with the underlying Asbestos Claims

as a matter of law," and (2) attorneys fees and costs incurred as a result of the current litigation. (Dkt. No. 105, Attach. 2.)

Generally, in support of its first request, Plaintiff argues as follows: (1) the duty to defend must be considered separately than the duty to indemnify; (2) under New York law, the policyholder cannot be required to pay defense costs where primary insurance is triggered; and (3) any requirement that Plaintiff pay a pro rata share (or the entire amount) of defense costs must be determined on a case-by-case basis, after there has been a showing that the "alleged occurrence" occurred, in full or in part, during an uninsured period. (*See generally* Dkt. No. 105, Attach. 2 [Plf.'s Memo. of Law].)

Generally, in support of its second request, Plaintiff argues that the "insurers are . . . obligated, pursuant to their duty to defend, to reimburse [Plaintiff] for the attorneys' fees and costs [that it] has incurred as a result of this litigation," because this litigation "was precipitated by the insurers' attempt to free themselves from their obligations." (*See generally* Dkt. No. 105, Attach. 2 [Plf.'s Memo. of Law].)

In response to Plaintiff's motion for partial summary judgment, Defendants Kemper, Travelers, Wausau and Nationwide, and OneBeacon cross-move for summary judgment, arguing as follows: (1) under New York law, Plaintiff is required to contribute an equitable pro rata share to its own defense based upon uninsured or self-insured periods; (2) because the pro rata amount is determined objectively, Plaintiff must contribute the same pro rata amount to each case, regardless of the facts of the particular case; and (3) even if Plaintiff prevails on its motion, it is not entitled to attorneys fees. (*See generally* Dkt. No. 110 [Def. Kemper's Response Memo. of Law]; Dkt. No. 111, Attach. 3 [Def. Travelers's Response Memo. of Law]; Dkt. No. 113, Attach.

2 [Def. Wausau's Response Memo. of Law]; Dkt. No. 115, Attach. 7 [Def. OneBeacon's Response Memo. of Law].)

In its reply, in addition to reiterating its previous arguments, Plaintiff argues, *inter alia*, that none of the cases cited by the Defendants allocate any defense costs to policyholders. (*See generally* Dkt. No. 127 [Plf.'s Reply Memo. of Law].)

## II.     GOVERNING LAW

Federal courts sitting in diversity jurisdiction must apply the choice of law rules of the forum state. *Klaxon v. Stentor Elec. Mfg. Co.*, 313 U.S. 487 (1941). "New York law requires courts to apply the law of the jurisdiction 'which has the most significant contacts with the matter in dispute.'" *Olin Corp. v. Ins. Co. of N. Am.*, 743 F. Supp. 1044, 1048-49 (S.D.N.Y. 1990), *aff'd*, 966 F.2d 718 (2d Cir. 1992) (quoting *Auten v. Auten*, 308 N.Y. 155, 160 [ N.Y. 1954]) (other citation omitted). "In cases involving insurance contracts, New York courts have looked principally to the following factors: the location of the insured risk; the insured's principal place of business; where the policy was issued and delivered; the location of the broker or agent placing the policy; where the premiums were paid; and the insurer's place of business." *Olin Corp.*, 743 F. Supp. at 1049 (citations omitted).

Here, one of Plaintiff's insurance policies expressly states that New York law governs any dispute between Plaintiff and the insurers. (Dkt. No. 105, Attach. 3, at 18.) In addition, there is no indication from the record that any of Plaintiff's insurance policies were confined to any one principal location. Moreover, Plaintiff's principal place of business has always been in New York. Finally, the parties do not dispute that New York law is applicable to the issues raised in this action and, in fact, the parties all rely on New York law in their papers submitted to

7

this Court.

For all of these reasons, the Court finds that New York has the most significant contacts with the dispute, and the Court will therefore apply New York law. *See Olin Corp.*, 743 F. Supp. at 1049 (applying New York law to dispute because, even though the insured's principal place of business was no longer New York, "for each of the insurance policies involved in this dispute, the significant aspects of contract formation and performance occurred in New York"; and noting that "Olin did not raise th[e] choice of law issue in connection with the prior motion practice in this case . . . [and] previously relied on New York law in its papers submitted to this Court"); *Kenneth v. Nationwide Mut. Fire Ins. Co.*, 03-CV-0521, 2007 WL 3533887, at *6 (W.D.N.Y. Nov. 13, 2007) (applying New York law to the dispute because "the parties do not dispute that New York law is applicable to the issues raised in this action").

## III.   RELEVANT LEGAL STANDARDS

### A.   Legal Standard Governing Motions for Summary Judgment

Because the parties to this action have demonstrated, in their memoranda of law, an accurate understanding of the legal standard governing motions for summary judgment, the Court will not recite that well-known legal standard in this Decision and Order, but will direct the reader to the Court's recent decision in *Pitts v. Onondaga County Sheriff's Dep't*, 04-CV-0828, 2009 WL 3165551, at *2-3 (N.D.N.Y. Sept. 29, 2009) (Suddaby, J.), which accurately recites that legal standard.

### B. Legal Standards Governing Plaintiff's Claim that Defendants Must Pay 100% of Plaintiff's Defense Costs

"Under New York law, an insurer's duty to defend is extremely broad and distinct from the duty to indemnify." *Napoli, Kaiser & Bern, LLP v. Westport Ins. Corp.*, 295 F. Supp.2d 335, 338 (S.D.N.Y. 2003) (citations omitted). "To determine whether the duty to defend exists, courts first look to 'the allegations within the four corners of the underlying complaint.'" *Napoli, Kaiser & Bern, LLP*, 295 F. Supp.2d at 338 (citation omitted). More specifically, "[a]n insurer must defend whenever the four corners of the complaint suggest . . . a reasonable possibility of coverage." *Md. Cas. Co. v. Cont'l Cas. Co.*, 332 F.3d 145, 160 (2d Cir. 2003) (citing *Cont'l Cas. Co. v. Rapid-American Corp.*, 609 N.E.2d 506, 509 [N.Y. 1993]), *accord*, *Int'l Bus. Machs. Corp. v. Liberty Mut. Fire Ins. Co.*, 303 F.3d 419, 424 (2d Cir. 2002).[3]

However, even if a complaint suggests a reasonable possibility of coverage, "when the uncontroverted facts prove that no duty to indemnify exists[,] the insurer must be relieved of its duty to defend." *Md. Cas. Co.*, 332 F.3d at 160 (citation and internal quotation marks omitted). "Put differently, an insurer owes its insured no duty of defense 'if it can be concluded as a matter of law that there is no possible factual or legal basis on which the insurer will be obligated to indemnify the insured.'" *Id.* (citation and internal quotation marks omitted), *accord*, *Napoli,*

---

[3] *See also Napoli, Kaiser & Bern, LLP*, 295 F. Supp.2d at 338 ("To avoid defending the insured based on a policy exclusion, the insurer must show that the claims in the complaint fall 'solely and entirely within the policy exclusions, and, further, that the allegations, in toto, are subject to no other interpretation.'") (citation omitted); *Am. Home Prod. Corp. v. Liberty Mutual Ins. Co.*, 565 F. Supp. 1485, 1509 (S.D.N.Y. 1983) ("New York's Court of Appeals has established that[,] 'if we can determine that no basis for recovery within the coverage of the policy is stated in the complaint, we may sustain defendant's refusal to defend.'") (citation omitted), *aff'd as modified*, 748 F.2d 760 (2d Cir. 1984).

*Kaiser & Bern, LLP*, 295 F. Supp.2d at 338.[4]  "As the Court of Appeals for the Second Circuit emphasized, the duty to defend 'perdures until it is determined with certainty that the policy does not provide coverage.'" *Napoli, Kaiser & Bern, LLP*, 295 F. Supp.2d at 338 (quoting *Hugo Boss Fashions, Inc. v. Fed. Ins. Co.*, 252 F.3d 608, 620 [2d Cir. 2001]).

As a result, "[t]he insurer . . . bears a 'heavy burden' to show that the allegations of the complaint cast the pleadings wholly within the exclusions and that there is no possible factual or legal basis for finding liability covered by the policy." *Id*. (citation omitted).[5]  Moreover, "[i]f any of the claims against the insured arguably arise from covered events, the insurer is required to defend the entire action." *Frontier Insulation Contractors, Inc. v. Merchants Mut. Ins. Co.*, 690 N.E.2d 866, 869 (N.Y. 1997).[6]

    **C.**    **Legal Standard Governing Plaintiff's Claim that Defendants Must Pay Attorneys Fees and Costs Incurred as a Result of this Litigation**

"It is well settled in New York that a prevailing party may not recover attorneys' fees from the losing party except where authorized by statute, agreement or court rule." *U.S. Underwriters Ins. Co. v. City Club Hotel, LLC*, 3 N.Y.3d 592, 597 (N.Y. 2004) (citations

---

[4] *See also Am. Home Prod. Corp.*, 565 F. Supp. at 1509 (citation omitted) ("Furthermore, even if a complaint states a basis for possible recovery, once an insurer is able to 'confine the claim'–exclude the possibility of a recovery for which it has provided insurance–the insurer has no further duty to defend.").

[5] *See also Hotel Des Artistes, Inc. v. Transam. Ins. Co.*, 93-CV-4563, 1994 WL 263429, at *3 (S.D.N.Y. June 13, 1994) ("An insurer seeking to avoid its duty to defend bears a heavy burden, which, in practice, is rarely met.").

[6] *See also Hotel Des Artistes*, 1994 WL 263429, at *3 ("[E]ven if only a single claim in the underlying complaint potentially falls within the indemnity coverage of the policy, the insurer must defend the entire action."); *Seaboard Sur. Co. v. Gillette Co.*, 476 N.E.2d 272, 275 (N.Y. 1984) (noting that it is immaterial if other claims fall within exclusions; duty to defend rests solely on whether any alleged facts or grounds bring action within protection purchased).

omitted). "However, an insured who is cast in a defensive posture by the legal steps an insurer takes in an effort to free itself from its policy obligations, and who prevails on the merits, may recover attorneys' fees incurred in defending against the insurer's action . . . including a defense against an insurer's declaratory judgment action." *U.S. Underwriters Ins. Co.*, 3 N.Y.3d at 597 (quoting *Mighty Midgets, Inc. v Centennial Ins. Co.*, 47 N.Y.2d 12, 21-22 [N.Y. 1979]). "The reasoning behind [this exception] is that an insurer's duty to defend an insured extends to the defense of any action arising out of the occurrence, including a defense against an insurer's declaratory judgment action." *Id*. (citation omitted).

Having said that, it is also well established "that an insured may not recover the expenses incurred in bringing an affirmative action against an insurer to settle its rights under the policy." *W. 56th St. Assocs. v. Greater N.Y. Mut. Ins. Co.*, 250 A.D.2d 109, 114 (N.Y. App. Div., 1st Dep't 1999) (finding that insured put the insurer in a defensive posture by commencing a declaratory judgment action and rejecting argument that redundant counterclaim for declaratory judgment put insured in defensive posture) (quoting *New York Univ. v. Cont'l Ins. Co.*, 87 N.Y.2d 308, 324 [N.Y. 1995]); *see also Cunniff v. Westfield, Inc.*, 829 F. Supp. 55, 58 (E.D.N.Y. 1993) (denying insured's request for attorney's fees, where insured brought declaratory action against insurer, noting that "[a]lthough [insured] argues that various actions taken-or not taken-by [the insurer] have forced [the insured] into a defensive position, New York courts generally have looked to whether the insurer commenced legal proceedings in order to assess an insured's claim for attorneys' fees").

However, "[a]n exception exists where 'there has been an unreasonable, bad faith denial of coverage.'" *Cohen v. U.S. Fidelity and Guar. Co.*, 04-CV-5921, 2005 WL 1036097, at *5

11

(S.D.N.Y. May 4, 2005) (quoting *New York Marine & Gen. Ins. Co. v. Tradeline*, 98-CV-7840, 1999 WL 1277244, at *5 [S.D.N.Y. Nov. 29, 1999]) (other citations omitted). "To succeed, a plaintiff must make 'a showing of such bad faith in denying coverage that no reasonable carrier would, under the given facts, be expected to assert it.'" *Cohen*, 2005 WL 1036097, at *5 (quoting Sukup v. State of New York, 227 N.E.2d 842, 844 (N.Y.1967); *see also Fed. Deposit Ins. Corp. v. Nat'l Sur. Corp.*, 425 F. Supp. 200, 204 (E.D.N.Y. 1977); *Dawn Frosted Meats, Inc. v. Ins. Co. of N. Am.*, 470 N.Y.S.2d 624, 625 (N.Y. App.Div., 1st Dept. 1984) ("Bad faith has been said to exist where the wrong complained of is morally culpable, or is actuated by evil and reprehensible motive."). "If the insurer's reason(s) for denial of coverage is 'arguable,' then a plaintiff is not entitled to attorneys' fees." *Cohen*, 2005 WL 1036097, at *5 (citing *Sukup*, 227 N.E.2d at 844).

IV.  **ANALYSIS**

   A.   **Plaintiff's Claim that Defendants Must Pay 100% of Plaintiff's Defense Costs**

As stated above in Part I.F. of this Decision and Order, Plaintiff seeks a declaratory judgment that the Defendants have an obligation to pay 100% of its defense costs in connection with the underlying Asbestos Claims as a matter of law. In support of this request, Plaintiff argues as follows: (1) the duty to defend is a duty separate and apart from the duty to indemnify; (2) pursuant to the duty to defend, an insurer must pay an insured's entire defense costs where primary insurance is triggered, unless the evidence in a particular case establishes that the "alleged occurrence" occurred, in full or in part, during an uninsured period; and (3) Defendants have not shown that evidence exists, in any of the cases in which an asbestos claim was asserted, that the "alleged occurrence" occurred, in full or in part, during an uninsured period.

As explained in Part II.B. of this Decision and Order, "[s]o long as the allegations in a case could conceivably result in liability covered by a policy at issue, [the insurer] must defend." *Am. Home Prod. Corp.*, 565 F. Supp. at 1509. "The insurer thus bears a 'heavy burden' to show that the allegations of the complaint cast the pleadings wholly within the exclusions and that there is no possible factual or legal basis for finding liability covered by the policy." *Napoli, Kaiser & Bern, LLP*, 295 F. Supp.2d at 338.

Based on the current record, the Court finds that Plaintiff's Amended Complaint alleges facts plausibly suggesting a reasonable possibility of coverage. (*See*, *e.g.*, Dkt. No. 93, ¶¶ 13-40.) Furthermore, the Court finds that, based on the record currently before the Court, Defendants have failed to meet their modest threshold burden on their motion for summary judgment by adducing at least some admissible record evidence from which a rational fact finder could conclude that the underlying lawsuits involve 'occurrences' solely during self-insured periods, and that there is thus no possible factual or legal basis for finding liability covered by the policy.
*See, e.g., Rapid-American Corp.*, 80 N.Y.2d at 655-56 ("[T]he allegation that [the insured] was self-insured for a period of time predating the [insurer's] coverage cannot operate to deny [the insured] the complete defense to which it is entitled under the [insurer's] policies in the event of overlapping occurrence periods. The question whether the insured itself must contribute to defense costs . . . is appropriately deferred at least until such time as the underlying lawsuits are shown to involve 'occurrences' during self-insured periods.") (emphasis added). As a result, Plaintiff's motion is granted with regard to all of the Asbestos Claims that have been brought against Plaintiff to date, and the cross-motions of Defendants Kemper, Travelers, Wausau and

Nationwide, and OneBeacon for summary judgment are denied. In addition, Defendants are ordered to pay all of Plaintiff's outstanding defense costs in the underlying lawsuits.

The Court would only add two points. First, with regard to future defense costs in the underlying lawsuits, again, "[s]o long as the allegations in a case could conceivably result in liability covered by a policy at issue, [Defendants] must defend." Second, with regard to allocation of expenses among Defendants, pro rata allocation is the applicable standard.[7]

### B. Plaintiff's Claim that Defendants Must Pay Attorneys' Fees and Costs Incurred as a Result of this Litigation

As stated above in Part I.F. of this Decision and Order, Plaintiff seeks from Defendants the attorneys' fees and costs that it incurred as a result of the current litigation. In support of this request, Plaintiff argues that, although it commenced the instant action, it was forced to do so–i.e., cast in a defensive posture–because the insurers attempted to free themselves from their obligations. Plaintiff further argues, seemingly in the alternative, that, because Defendants filed counterclaims–i.e., cast Plaintiff in a defensive posture by the legal steps that they took–it may recover the fees incurred in response to these claims.

---

[7] The Court notes that, in its memorandum of law in opposition to Plaintiff's motion for partial summary judgment, Defendant Kemper requested a joint-and-several approach to the allocation of defense costs. (Dkt. No. 110.) Similarly, the Court notes that, in its memorandum of law, Plaintiff states that "*Rapid-American* holds Fulton's insurers–jointly and severally–liable for Fulton's defense." (Dkt. No. 105, Attach. 2, at 19.) However, because Defendant Kemper failed to make this request in a cross-motion seeking (which would have, *inter alia*, required an affidavit and triggered a formal response by the other parties), its request is not properly before the Court. Moreover, the Court does not construe Plaintiff's memorandum of law as requesting a ruling on the method of allocation of defense costs. Finally, the Court notes that, even if it were to address the merits of this request, it appears to the Court, based on the parties' current papers, that joint and several liability does not apply to the allocation of defense costs for the reasons stated in Point I of Defendant OneBeacon's memorandum of law in opposition to Defendant Kemper's request (Dkt. No. 125, Attach. 2), and Point I of Defendant Wausau's memorandum of law in opposition to Defendant Kemper's request (Dkt. No. 126).

As stated in Part III.C. of this Decision and Order, it is well established "that an insured may not recover the expenses incurred in bringing an affirmative action against an insurer to settle its rights under the policy." *W. 56th St. Assocs.*, 250 A.D.2d at 114; *see also Cunniff*, 829 F. Supp. at 58. In addition, the fact that Defendants filed redundant counterclaims for declaratory judgment did not put Plaintiff in a defensive posture. *See W. 56th St. Assocs.*, 250 A.D.2d at 114. Furthermore, Plaintiff has failed to allege (let alone introduce evidence establishing) that Defendants' actions rose to the level of bad faith.[8] As a result, Plaintiff's request for attorneys' fees and costs is denied.

**ACCORDINGLY,** it is

**ORDERED** that Plaintiff's motion for partial summary judgment (Dkt. No. 105) is **GRANTED in part and DENIED in part**, in the following respects: Plaintiff's request that Defendants be required to pay its entire existing defense costs arising out of the Asbestos Claims is **GRANTED**, and Plaintiff's request that Defendants be required to pay its attorneys' fees and costs incurred in the current action is **DENIED**; and it is further

**ORDERED** that the cross-motions for summary judgment (Dkt. Nos. 110, 111, 113, 115) filed by Defendants Kemper, OneBeacon, Travelers, Wausau and Nationwide are **DENIED**.

Dated: March 25, 2010
       Syracuse, New York

*/s/ Glenn T. Suddaby*
Hon. Glenn T. Suddaby
U.S. District Judge

---

[8] The Court notes that, while Defendant Kemper reduced its payment of Plaintiff's defense costs by roughly 15% effective January 25, 2008, it appears that no Defendant has ever outright refused to pay Plaintiff's defense costs.