UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

FULTON BOILER WORKS, INC.,

                Plaintiff,

-against-

AMERICAN MOTORISTS INSURANCE COMPANY,
AMERICAN MANUFACTURERS MUTUAL INSURANCE     Civil Action No.:
COMPANY and ONEBEACON INSURANCE COMPANY,     06-CV-1117 (NAM/DEP)
as Successor to Commercial Union Insurance Company,
EMPLOYERS INSURANCE COMPANY OF WAUSAU,
TRAVELERS CASUALTY AND SURETY COMPANY
and NATIONWIDE MUTUAL INSURANCE COMPANY,

                Defendants.

---

AMERICAN MOTORISTS INSURANCE COMPANY
and AMERICAN MANUFACTURERS MUTUAL
INSURANCE COMPANY and
ONEBEACON INSURANCE COMPANY, as Successor
to Commercial Union Insurance Company,

                Third-Party Plaintiffs,
    -against-

EMPLOYERS INSURANCE COMPANY OF WAUSAU,
TRAVELERS and NATIONWIDE MUTUAL
INSURANCE COMPANY,

                Third-Party Defendants.

---

## **CERTIFICATION OF DANIEL W. GERBER**

    I, **Daniel W. Gerber**, of full age, do hereby certify and state:

    1.    I am an attorney admitted to practice in the United States District Court for the Northern District of New York and am a member of Goldberg Segalla LLP, attorneys for

defendant and third-party plaintiff OneBeacon Insurance Company and OneBeacon Insurance Company, as successor to Commercial Union Insurance Company (collectively "OneBeacon").

2. I submit this certification in support of OneBeacon's opposition to Fulton Boiler Works Inc. 's ("Fulton") motion for summary judgment seeking a declaration that OneBeacon Insurance Company, individually and as successor to Commercial Union Insurance Company (collectively referenced as "OneBeacon) is estopped from denying coverage to Fulton for the time period when Fulton was uninsured.

**EXHIBITS**

3. Attached hereto as **Exhibit A** is a true and complete copies of the September 19, 1990 and July 29, 1991 correspondences in which Fulton is placing Kemper and OneBeacon on notice of claims.

4. Attached hereto as **Exhibit B** is a true and complete copy of the August 30, 1991 correspondence from Kemper to Fulton advising that they would be responsible for the time periods when it was uninsured or could not locate policies.

5. Attached hereto as **Exhibit C** are true and complete copies of correspondences dated October 22, 1996, October 23, 1996, January 10, 1997, April 29, 1997, May 27, 1997, May 30, 1997 and June 12, 1997, authored by Scolaro, Shulman, Cohen, Lawler & Burnstein, counsel retained for defense directly by Fulton.

6. Attached hereto as **Exhibit D** are true and complete copies of correspondences dated October 6, 1994, January 13, 1995 and March 17, 1995 demonstrating the agreement between Fulton, OneBeacon and Kemper wherein each party contributed to the defense and indemnity of a claim against Fulton entitled *Birchell v. Fulton.*

7. Attached hereto as **Exhibit E** is a true and complete copy of Kemper's January 20, 1997 claims notes demonstrating that Kemper spoke with Fulton's personal counsel, Alan Burnstein, regarding sharing costs and Fulton's refusal to contribute.

8. Attached hereto as **Exhibit F** is a true and complete copy of the June 26, 1997 correspondence from Kemper to Michael Simmons in which Kemper notified Fulton of its obligation to contribute for non-covered policy periods.

9. Attached hereto as **Exhibit G** is a true and accurate copy of the August 25, 1999 correspondence from OneBeacon to Fulton advising that Fulton is responsible for uncovered periods.

10. Attached hereto as **Exhibit H** is a true and accurate copy of the June 18, 2004 electronic correspondence from Michael Simmons to Rose Esorsevy informing her that Fulton had been asked to pay a portion of the coverage.

11. Attached hereto as **Exhibit I** are true and accurate copies of electronic correspondences demonstrating that Michael Simmons was actively involved in the litigation of the asbestos claims and copied on all correspondence.

12. Attached hereto as **Exhibit J** are true and accurate copies of electronic correspondences authored by Rose Esorsevy in which she reports that she advised Fulton that it would have to contribute to its defense and indemnity for uninsured periods.

13. Attached hereto as **Exhibit K** is a true and accurate copy of the case *Arista Records LLC, et al. v Lime Group LLC et al., 2010 US. Dist. LEXIS 46638*.

14. Attached hereto as **Exhibit L** are true and accurate copies of electronic correspondences from February 13, 2004 between Travelers claims representative and Michael Simmons of Fulton.

15. Attached hereto as **Exhibit M** are true and accurate copies of correspondences dated September 25, 2006, January 31, 2007, February 8, 2007, February 15, 2007 and February 16, 2007 regarding the Zimmerman case.

16. Attached hereto as **Exhibit N** are true and accurate copies of electronic correspondences dated August 15, 2005, April 6, 2006, April 7, 2006 and April 21, 2006 regarding the Anderson case.

17. Attached hereto as **Exhibit O** are true and accurate copies of correspondences dated September 27, 2005, September 28, 2005, September 29, 2005, September 30, 2005 and October 1, 2005 regarding the Fiore case.

18. Attached hereto as **Exhibit P** is a true and accurate copy of an electronic correspondence dated July 24, 2007 regarding the multiple asbestos cases.


**Dated**:      July 29, 2010
                Buffalo, New York


                                                    /S/ Daniel W. Gerber
                                                    **Daniel W. Gerber, Esq.**