UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

FULTON BOILER WORKS, INC.,

                                    Plaintiff,

        -v-                                        5:06-CV-1117

AMERICAN MOTORISTS INSURANCE
COMPANY; AMERICAN MANUFACTURERS
MUTUAL INSURANCE COMPANY;
ONEBEACON INSURANCE COMPANY, as
successor to Commercial Union Insurance
Company; EMPLOYERS INSURANCE
COMPANY OF WAUSAU; TRAVELERS
CASUALTY & SURETY COMPANY; and
NATIONWIDE MUTUAL INSURANCE
COMPANY,

                                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                            OF COUNSEL:

MCCARTER & ENGLISH LLP                  BRIAN J. OSIAS, ESQ.
Attorneys for Plaintiff                 GITA F. ROTHSCHILD, ESQ.
100 Mulberry Street
4 Gateway Center
Newark, NJ  07102
265 Franklin Street                     ANNE E. MATTHEWS, ESQ.
14th Floor
Boston, MA  02110

CHARLSTON, REVICH & WOLLITZ LLP         JAMES B. GREEN, ESQ.
Attorneys for Defendants American Motorists
    Insurance Company and American
    Manufacturers Mutual Insurance Company
1925 Century Park East
Suite 1250
Los Angeles, CA  90067

FIBERTECH NETWORKS LLC                  JAMES A. HOARE, ESQ.
Attorneys for Defendants American Motorists
    Insurance Company and American

Manufacturers Mutual Insurance Company
140 Allen Creek Road
Rochester, NY  14618

OFFICE OF RICHARD P. PLOCHOCKI            RICHARD P. PLOCHOCKI, ESQ.
Attorneys for Defendants American Motorists
    Insurance Company and American
    Manufacturers Mutual Insurance Company
One Lincoln Center
Suite 1010
Syracuse, NY  13202

CARROLL, MCNULTY & KULL LLC               KRISTIN V. GALLAGHER, ESQ.
Attorneys for Defendant OneBeacon
    Insurance Company
120 Mountain View Boulevard
Basking Ridge, NJ  07920
570 Lexington Avenue                      JOANNA L. YOUNG, ESQ.
8th Floor
New York, NY  10022

LAW OFFICES OF EPSTEIN & HARTFORD         JENNIFER V. SCHIFFMACHER, ESQ.
Attorneys for Defendants Employers Insurance
    Company of Wausau and Nationwide
    Mutual Insurance Company
2150 Wehrle Drive
Suite 500B
Williamsville, NY  14221
110 Elwood Davis Road                     SHEILA M. FINN SCHWEDES, ESQ.
North Syracuse, NY  13212

GRAHAM, CURTIN P.A.                        ROBERT W. MAURIELLO, JR., ESQ.
Attorneys for Defendant Travelers Casualty  STEPHEN V. GIMIGLIANO, ESQ.
    & Surety Company
4 Headquarters Plaza
P.O. Box 1991
Morristown, NJ  07962


DAVID N. HURD
United States District Judge

- 2 -

**DECISION and ORDER**

**I. INTRODUCTION**

On December 9, 2011, a Memorandum–Decision and Order ("MDO") was issued resolving the parties' motions for summary judgment and directing the Clerk of the Court to close the case. Fulton Boiler Works, Inc. v. Am. Motorists Ins. Co., 828 F. Supp. 2d 481 (N.D.N.Y. 2011). A judgment was entered accordingly on the same date.

On January 6, 2012, plaintiff Fulton Boiler Works, Inc. ("plaintiff" or "Fulton") filed a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). All defendants have responded, and plaintiff replied. The motion was considered on submit. The parties' familiarity with the factual and procedural background is assumed and may be refreshed by reference to the MDO. See id. at 485–88.

**II. DISCUSSION**

In its motion, Fulton does not seek to alter the final disposition of the summary judgment motions. Plaintiff specifically notes that it "is not necessarily asking the Court to amend its holdings (unless the Court chooses to do so sua sponte), but asks the Court instead to modify its Judgment and Memorandum in recognition of a limited number of erroneous findings." Pl.'s Br., Dkt. No. 241-1, 1. The alleged "erroneous findings" are: (1) the determination that the workers' compensation records do not support plaintiff's assertion that it historically purchased all types of insurance from the same company; (2) a sentence noting that the parties share an interest in mitigating all costs related to the underlying asbestos lawsuits; and (3) a footnote suggesting plaintiff's proposed defense strategy "may" be unrealistic and not in its best interest.

Amending a judgment pursuant to Rule 59(e) is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Stewart Park & Reserve Coal. Inc. v. Slater, 374 F. Supp. 2d 243, 253 (N.D.N.Y. 2005) (Treece, M.J.) (internal quotation marks omitted). Reconsideration of a prior order is only justified by one of the following: (1) an intervening change in the controlling law; (2) the discovery of new evidence not previously available; or (3) it is necessary to remedy a clear error of law or to prevent injustice. Id. A strict standard is applied to a Rule 59(e) motion, which is "not a vehicle for reargument or asserting arguments that could and should have been made before judgment issued." Id. (internal quotation marks omitted).

Where a party basis its Rule 59(e) motion on newly discovered evidence, that party bears the burden to establish the evidence "is 'truly newly discovered or . . . could not have been found by due diligence.'" Id. (quoting United States v. Potamkin Cadillac Corp., 697 F.2d 491, 493 (2d Cir. 1983)). A motion brought to remedy a clear error of law or to prevent injustice cannot merely be based on "a point of disagreement between the Court and the litigant." Id. at 254 (internal quotation marks omitted).

Fulton does not identify any change in the controlling law. Nor does it point to any new evidence that could not have been identified by due diligence and produced before the judgment was entered. In support of its motion to amend, Fulton submits evidence indicating that the Standard Fire Insurance Company—which provided workers compensation coverage to Fulton from 1977 to 1979—was an affiliate of Travelers predecessor, Aetna. As Travelers undisputedly provided general liability coverage to Fulton during the same time period, Fulton concludes that this evidence supports its assertion that it always bundled its insurance policies with the same company. However, this evidence was clearly available to plaintiff

when it moved for summary judgment.

Further, this "new" evidence merely suggests Fulton purchased all forms of insurance from the same company in 1977 to 1979.  There is nothing in the record to corroborate the testimony of Fulton executives that the company followed the same practice during the disputed time period—from its inception in 1949 up to 1976.  As noted in the MDO, "[t]his is insufficient to establish, by clear and convincing evidence or by a preponderance of the evidence, the existence of coverage."  Fulton Boiler Works, Inc., 828 F. Supp. 2d at 491 (citing Bianchi v. Florists Mut. Ins. Co., 660 F. Supp. 2d 434, 439–40 (E.D.N.Y. 2009)).

Fulton's other "new" evidence is a verdict form from the first underlying asbestos case to go to trial.  The jury found in Fulton's favor while the summary judgment motions were pending in this matter.  Fulton concludes that this undercuts the suggestion—contained in a footnote in the MDO—that its refusal to settle cases "may" be legally unrealistic and not in its best interest.  Fulton's success at trial on one out of thousands of underlying cases hardly proves that it has been prejudiced by defendants' failure to adhere to its no-settle policy in every other case.  Moreover, plaintiff's objection to dicta and collateral matters is not a valid basis for a Rule 59(e) motion.  See Schwartz v. Liberty Mut. Ins. Co., 539 F.3d 135, 153 (2d Cir. 2008) (a Rule 59(e) motion "must request a substantive alteration of the judgment, not merely the correction of a clerical error, or relief of a type wholly collateral to the judgment" (internal quotation marks omitted)).

## III.  CONCLUSION

Fulton does not identify any change in controlling law, newly discovered evidence, or clear error of law or injustice to justify granting its Rule 59(e) motion.  Plaintiff instead seeks to reargue issues based on its disagreement with conclusions in the MDO, most of which

were collateral to the ultimate resolution of the summary judgment motions.  Fulton's

invitation to amend the December 9, 2011, MDO and judgment sua sponte is declined.

Therefore, it is

ORDERED that

Plaintiff Fulton Boiler Works, Inc.'s motion to alter or amend the judgment (Dkt. No.

241) is DENIED.

IT IS SO ORDERED.

_____
United States District Judge

Dated:  September 28, 2012
        Utica, New York.