November 14, 2012

**VIA ELECTRONIC FILING**

Hon. David N. Hurd, U.S.D.J.
United States District Court
Northern District of New York
100 South Clinton Street
Syracuse, New York 13261-7367

Brian J. Osias
Partner
T. 973.639.6956
F. 973.297.3904
bosias@mccarter.com

McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ  07102-4056
T. 973.622.4444
F. 973.624.7070
www.mccarter.com

Re:  *Fulton Boiler Works, Inc. v. Am. Motorists Ins. Co., et al.*
     Dkt. No. 06-CV-1117

Dear Judge Hurd:

As you know, we represent plaintiff Fulton Boiler Works, Inc. ("Fulton").  We write in response to OneBeacon Insurance Company's ("OneBeacon") October 12, 2012 letter request to re-open this matter to pursue additional discovery and for leave to move for summary judgment, as well as its October 23, 2012 reply to Travelers Casualty Surety Company, f/k/a The Aetna Casualty and Surety Company ("Travelers").

OneBeacon's letter request is procedurally improper.  The Federal Rules of Civil Procedure ("F.R.C.P.") require that OneBeacon make its application by formal motion to the Court, with notice to all parties.  *See* F.R.C.P. 7(b)(1) (stating "a request for a court order must be made by motion").  OneBeacon's failure to comply with procedural prerequisites warrants denial of its request.  At a minimum, OneBeacon should be required to submit a formal motion as opposed to its letter, which predominantly consists of the unsupported arguments of counsel.

OneBeacon, moreover, failed to raise the issues presented in a timely fashion.  On December 9, 2011, the Court issued its Memorandum – Decision and Order ("Decision and Order") resolving the parties' competing summary judgment motions and directing the Clerk of the Court to "enter judgment accordingly and close the file."  *See* Dkt No. 238 at 28; *see also* Dkt. Nos. 239-40.  In support of its letter request, OneBeacon cites, in part, a November 2011 settlement, which demonstrates it was aware of the issues presented prior to the 2011 Decision and Order and prior to the closure of the case.  OneBeacon, nevertheless, waited more than ten months from the Decision and Order to file its request.  At this point, both the time to file a motion to alter or amend the judgment under F.R.C.P. 59(e) and the time to appeal have expired.[1]  The Court should not consider OneBeacon's attempt to reopen the case to litigate issues it did not pursue previously.

BOSTON

HARTFORD

NEW YORK

NEWARK

PHILADELPHIA

STAMFORD

WILMINGTON

---

[1] OneBeacon had twenty-eight days from the December 9, 2011 Memorandum – Decision and Order to file a motion to alter or amend the judgment pursuant to F.R.C.P. 59(e). Pursuant to Federal Rule of Appellate Procedure 4(a)(4)(iv), OneBeacon had thirty days

ME1 14319285v.4

November 14, 2012
Page 2

Finally, the Court should deny OneBeacon's request because the Court's Decision and Order clearly lays out the method of indemnity allocation between the parties, including post-1976 coverage, and provides appropriate guidance concerning which claims may be considered late vis-à-vis Travelers.  As the Court stated, the Decision and Order lays out "ground rules" for the parties to apply in resolving the underlying claims.  Applying those ground rules, the parties have been able to manage their disputes up until this point.  Although Fulton may disagree with Travelers as to the application of the Decision and Order as it relates to certain individual claims, the parties have committed to review the claims on a global basis in an attempt resolve any of those differences.

*   *   *

Fulton, therefore, respectfully requests that the Court deny OneBeacon's request to reopen the case to pursue additional discovery and for leave to move for summary judgment.

Respectfully submitted,

*/s/ Brian J. Osias*

Brian J. Osias

cc:     All Counsel (via electronic filing)

---

from issuance of the Court's September 28, 2012 Decision and Order denying Fulton's F.R.C.P. 59(e) motion, or October 29, 2012, to appeal.